IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01874-BNB

MAITISE D. CREWS,

    Applicant,

v.

WARDEN TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Maitise D. Crews, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. On July 15, 2013, Mr. Crews filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On August 1, 2013, he filed an amended habeas corpus application (ECF No. 4). Mr. Crews is challenging the validity of his conviction in El Paso County District Court Case No. 07CR1940. Mr. Crews paid the $5.00 filing fee in a habeas corpus action.

    On August 5, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 27, 2013, Respondents submitted their pre-answer response (ECF No. 11). Mr. Crews did not file a reply to the pre-answer response, although he was granted the opportunity and extensions of time to do so.

The Court must construe Mr. Crews' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Crews was convicted by a jury in El Paso County District Court Case No. 07CR1940 of felony menacing, third-degree assault, and three habitual criminal counts following an altercation in which he attacked his wife. ECF No. 11, ex. A (state register of actions) at 4-5, ex. B (*People v. Crews*, No. 08CA0451 (Colo. Ct. App. Apr. 21, 2011)) at 2. He was sentenced to twelve years of incarceration. ECF No. 11, ex. A at 9; ex. C (appellant's opening brief) at 9. On April 21, 2011, the Colorado Court of Appeals affirmed the convictions and sentence on direct appeal. ECF No. 11, ex. B. On November 17, 2011, the Colorado Supreme Court denied certiorari review. ECF No. 11, ex. A at 7.

On June 29, 2012, Mr. Crews filed a postconviction motion challenging his conviction, ECF No. 4 at 4; ECF No. 11, ex. A at 7., which the trial court denied on July 10, 2012. *Id.* Mr. Crews did not appeal.

In the amended habeas corpus application, Mr. Crews asserts three claims:

> 1. The trial court abused its discretion by denying Applicant's request for substitute appointed counsel. ECF No. 4 at 5.
>
> 2. Applicant was denied a fair trial by prosecutorial comments in closing argument. *Id.* at 6.
>
> 3. The trial court violated state evidentiary rules in admitting certain documents in Applicant's habitual criminal sentencing

2

>hearing, resulting in his conviction without his guilt being proven beyond a reasonable doubt. *Id.*

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Crews' criminal case became final. The

3

Colorado Supreme Court denied certiorari review in Mr. Crews' direct appeal of his criminal conviction on November 17, 2011. Mr. Crews did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final ninety days later, on February 15, 2012, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitations period for purposes of § 2244(d) began to run on February 15, 2012, the date that direct appeal concluded. *See Holland v. Florida*, 130 S. Ct. 2549, 2555 (2010).

The Court next must determine whether Mr. Crews' state court postconviction motion tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The one-year period of limitation ran for **135 days** from until June 29, 2012, when

4

Mr. Crews filed his postconviction motion. The state trial court denied the motion on July 10, 2012, and Mr. Crews did not appeal. Assuming the July 10, 2012 order was final for purposes of appeal, Mr. Crews would have been allowed forty-nine days, or until August 28, 2012, in which to appeal that order. *See Gibson*, 232 F.3d at 804; *see also* Colo. App. R. 4(b) (2011) (amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal).

The limitation period then ran for an additional **321 days** until Mr. Crews filed the original habeas corpus application in this Court on July 15, 2013. Because **456 days** (135 + 321 = 456) passed before Mr. Crews initiated the instant habeas corpus action, the application was not filed in a timely manner. The instant action was filed after the one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Mr. Crews bears the burden of demonstrating that equitable tolling is

appropriate in this action.  *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).  *McQuiggin*, 133 S. Ct. at 1928.  However, "tenable actual-innocence gateway pleas are rare." *Id.*  To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)).  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1928, 1935. Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct.

at 1936. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Mr. Crews fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons. Therefore, the Court finds no basis for equitable tolling in this action. For these reasons, the Court finds that this action is barred by the one-year limitation period, and the action will be dismissed for that reason. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Crews files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 4) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  21st  day of   February  , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court